UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LAMONT STALLINGS,

                          Plaintiff,

v.                                     Case No. 25-cv-685-pp

ALFRED HERMANN, *et al.*,

                          Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 4) AND STAYING AND ADMINISTRATIVELY CLOSING CASE**

---

Plaintiff Lamont Stallings, who is incarcerated at Dodge County Detention Facility and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 4, and stays the case pending resolution of the plaintiff's pending criminal matter in federal court.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 4)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then

must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On June 5, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $71.50. Dkt. No. 6. The court received that fee on June 20, 2025. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

"accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

### B. The Plaintiff's Allegations

The complaint names as defendants Milwaukee Police Officers Alfred Hermann and Eric Kradecki, the Milwaukee Police Department, Milwaukee County Circuit Judge Danielle Shelton, the Circuit Court of Milwaukee County and John or Jane Doe "officers involved in arrest and fabrication of Police Reports/criminal complaints." Dkt. No. 1 at 2–3, 7.

The plaintiff alleges that at 11:13 a.m. on December 30, 2024, Officers Hermann and Kradecki followed him for miles in their squad car, waited for

him to park his car, then approached him with guns drawn, demanding that he exit his vehicle. Id. at 4. He says that the officers refused to tell him why they approached him or where there were taking him. Id. They allegedly also did not recite the Miranda warnings and took his keys "directly from [his] pockets to open and search the trunk of the vehicle without consent or warrant." Id.

In an exhibit attached to the complaint that appears to be taken from documents the plaintiff may have filed in his criminal case, the plaintiff asserts that "this encounter was not a traffic stop, but actually an arrest without probable cause." Id. at 9. He reiterates that the officers approached his car with their guns drawn without conducting an investigation. Id. He says that they "only knew the GPS device was moving and did not have its exact coordinates." Id. He states that the officers did not ask for his name or his license or registration and refused to inform him why they stopped him. Id. The plaintiff reiterates that the officers ordered him to step out of his car without explanation and without providing him Miranda warnings. Id. He says that the officers handcuffed him and placed him in the back of their squad car then searched his car, including the locked trunk, without consent or a warrant. Id. The plaintiff says that the officers then took him to central booking, where he remained in a holding cell for more than twenty-four hours. Id. He contends that the officers lied about performing the traffic stop in "the original criminal complaint." Id. The plaintiff asserts that the officers followed and arrested him because he is black and not because he "fit any 'Description' (Racial Profiling), Harassment." Id.

In a second attached exhibit, the plaintiff additionally alleges that the Circuit Court violated his rights under Wisconsin Statute §970.01 to a timely preliminary examination. Id. at 8. He alleges that the court "continue[d] to deprive [him] of liberty after they [*sic*] had lost personal jurisdiction" and that Judge Shelton "refused to file several pro-se motions in relation to this violation, refused to schedule a motion hearing, and repeatedly found cause to adjourn the preliminary hearing in excess of 10 days" without providing the cause for the adjournments on the record. Id.

In another document that the court received on June 27, 2025, the plaintiff identifies the Doe defendants as Milwaukee Police Officers Justin Estrada, Jerome Perkins, Russell Macrae and Figueroa Alberto and Nicole Buie (who he says may be "officer or dispatch"). Dkt. No. 7. The plaintiff alleges that "Estrada and Perkins and others" arrested him at gunpoint without probable cause. Id. He says that these officers took his keys from his pocket and used the keys to open the trunk of his car and search a duffel bag inside and the passenger compartment of the car, all without his consent or a warrant. Id. The plaintiff asks the court to order and preserve "the body camera footage of all officers involved in this traffic stop/arrest." Id.

The plaintiff states that he suffered mental anguish, loss of his job, loss of liberty and deprivation of his rights from this incident. Dkt. No. 1 at 5. He seeks unspecified compensation "for every day [he] spent incarcerated after the 10 days the circuit courts had to hold a preliminary hearing." Id. He seeks additional unspecified compensation "for the officers['] blatant misconduct and

recklessness during [his] illegal arrest," which he again says was the result of racial profiling and conducted without probable cause. Id.

   C.   Analysis

The plaintiff asserts claims of illegal arrest, search and detention during his arrest against police officers who stopped and arrested him on December 30, 2024. He claims that the officers had no probable cause to stop or arrest him and did so solely because he is a Black man. The plaintiff initially faced charges of armed robbery, unlawful possession of a firearm and bail jumping in state court. See State v. Stallings, Milwaukee County Case Number 2025CF26, available at https://wcca.wicourts.gov/case.html. But those charges were dismissed when a federal grand jury returned an indictment against the plaintiff and one co-defendant on similar charges, which remain pending before another judge in this district. See United States v. Stallings, Case No. 25-cr-20-bhl. The federal grand jury returned the indictment on February 4, 2025. Id. The plaintiff is represented by counsel in that case, and on March 25, 2025, that attorney filed on the plaintiff's behalf a motion to suppress evidence based on the allegedly warrantless arrest and search. Id. at Dkt. No. 31. Magistrate Judge William E. Duffin has issue a recommendation that the district court deny the motion to suppress, id. at dkt. no. 41; the plaintiff has objected, id. at dkt. no. 43, and the objection has been fully briefed since June 9, 2025, id. at dkt. nos. 57, 59. Dkt. No. 1.

It is possible that the plaintiff's allegations about the arrest, search and detention may state claims under the Fourth Amendment. See Wallace v. Kato,

549 U.S. 384, 397 (2007); Williams v. Dart, 967 F.3d 625, 632 (7th Cir. 2020)). But the court will not decide whether the plaintiff can proceed on these claims in a *civil* lawsuit under §1983 as long as his federal *criminal* case is still pending. The Supreme Court has instructed that when a plaintiff in a civil case "files a false-arrest claim before he has been convicted . . . [the court must] stay the civil action until the criminal case or the likelihood of a criminal case is ended." Id. at 393–94 (citing Heck v. Humphrey, 512 U.S. 477, 487–488 n.8 (1994)). If the plaintiff ultimately is convicted on the federal criminal charges, the civil suit likely "would impugn that conviction," and then the court would be required to dismiss the civil case. Id. (citing Edwards v. Balisok, 520 U.S. 641, 649 (1997); Heck, 512 U.S. at 487). For now, it is sufficient for this court to stay the civil case until the plaintiff's federal criminal prosecution has concluded. Once the federal criminal case has ended (whether in a conviction or an acquittal), it will be the plaintiff's obligation to notify this court that the criminal case is over and to tell this court what the outcome of that case was. This court then will determine whether this civil case may proceed or whether the court must dismiss it under Heck.

Although the court is staying this civil case and will not determine at this time whether the plaintiff may proceed on his false-arrest, detention and search claims against the officers, the court will not apply the stay to the plaintiff's claims against all the defendants. The plaintiff has sued the Milwaukee Police Department. But

> [d]efendants in a federal lawsuit must have the legal capacity to be sued, and the "law of the state where the court is located" determines

> that capacity for entities that are not individuals or corporations. Fed. R. Civ. P. 17(b)(3); see also DeGenova v. Sheriff of DuPage C'nty, 209 F.3d 973, 976 n.2 (7th Cir. 2000) ("The federal courts look to state law to determine if a defendant is amenable to suit."). Under Wisconsin law, a police department does not have the capacity to be sued. See Whiting v. Marathon C'nty Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004) (stating a sheriff's department "is not a legal entity separable from the county government which it serves and is therefore, not subject to suit.").

Lamb v. Pleasant Prairie Police Dep't, Case No. 23-cv-614, 2024 WL 3410792, at *6 (E.D. Wis. July 15, 2024). Because the Milwaukee Police Department is not a suable entity under Wisconsin law, the court will dismiss it as a defendant.

There are some circumstances in which a plaintiff may sue a *municipality* under §1983, see Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658 (1978), but a police department is not a municipality and cannot be sued separately from the city of which it is a department. See, *e.g.*, Hobbs v. Shesky, Case No. 22-cv-492, 2022 WL 16752064, at *8 (E.D. Wis. Nov. 7, 2022) (citing Whiting v. Marathon Cnty. Sheriff's Dep't, 382 F.3d at 704). The city of Milwaukee is the relevant municipality, but the plaintiff alleges nothing suggesting that the city should be held liable for the actions of its officers.

The plaintiff also seeks to proceed against Milwaukee County Circuit Court Judge Shelton and the Milwaukee County Circuit Court itself on allegations related to his dismissed state court prosecution but unrelated to his pending federal criminal case. Judge Shelton is absolutely immune from civil liability for actions taken in the performance of her judicial functions. Mireles v. Waco, 502 U.S. 9, 9–10 (1991); Stump v. Sparkman, 435 U.S. 349, 363 (1978). That includes the plaintiff's allegations that she denied his motions or

refused to allow him to file them, refused to schedule a motion hearing and otherwise violated his rights in her role as the judge in his state criminal case. See Mireles, 502 U.S. at 12; Forrester v. White, 484 U.S. 219, 227–29 (1988). The plaintiff may not proceed against the Circuit Court because it is a governmental entity (an arm of Milwaukee County); again, claims under §1983 may be brought only against persons, see White v. Knight, 710 F. App'x 260, 262 (7th Cir. 2018), and the plaintiff has not alleged sufficient facts to state a Monell claim against Milwaukee County. And the plaintiff's allegations about Wisconsin Statute §970.01 do not state a claim because §1983 does not protect against violations of state statutes. See Wells v. Caudill, 967 F.3d 598, 602 (7th Cir. 2020). Because these allegations do not state viable claims regardless of what happens in the plaintiff's federal criminal prosecution, the court will dismiss Judge Shelton and the Milwaukee County Circuit Court as defendants.

To summarize: The court will dismiss defendants Milwaukee Police Department, Judge Danielle Shelton and the Milwaukee County Circuit Court because the complaint does not state a claim against them. At this time, the court will not decide whether the complaint states a claim against the remaining defendants and will stay this case and administratively close it. When the plaintiff's federal criminal case has fully concluded, including any appeals he may bring, he may file a motion to reopen this case. Because the complaint seeks damages, which are not available to the plaintiff in his criminal case, and because his civil claims may become time-barred by the

time the federal prosecution has ended, the court will preserve the original May 9, 2025 filing date.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 4.

The court **DISMISSES** defendants Milwaukee Police Department, Danielle Shelton and the Circuit Court of Milwaukee County.

The court **ORDERS** that this case is **STAYED** and **ADMINISTRATIVELY CLOSED** pending the conclusion of the plaintiff's federal criminal proceedings. When those proceedings are completed, the plaintiff may file a motion to reopen the case, notifying the court that his criminal proceedings are concluded.

The court **ORDERS** that the May 9, 2025, filing date is **PRESERVED** for statute-of-limitations purposes.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$278.50** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the

transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Dodge County Sheriff and will email a copy of this order to DLSFedOrdersEastCL@doj.state.wi.us.gov.

Dated in Milwaukee, Wisconsin this 7th day of July, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**